IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DOUGLAS AUSTIN STICKLE,**

    **Plaintiff,**

v.

**AMY AUSTIN, PEGGY HARDESTY, and
KANSAS DEPARTMENT OF CORRECTIONS,**

    **Defendants.**

Case No. 15-cv-04974-DDC-KGS

## MEMORANDUM AND ORDER

Pro se plaintiff Douglas Stickle has sued defendants Amy Austin, Peggy Hardesty, and the Kansas Department of Corrections (collectively "defendants"), alleging claims under 42 U.S.C. § 1983.[1] Doc. 1; Doc. 5. This matter comes before the court on defendants' joint Motion to Dismiss or In The Alternative for Summary Judgment (Doc. 16). Because the court looks to the exhibits attached to defendants' Motion, the court considers their motion as one for summary judgment ("Motion for Summary Judgment").

Plaintiff has not responded to defendants' Motion, and the time to do so has elapsed. Because plaintiff has not responded, the court may "consider and decide the motion as an uncontested motion." *See* D. Kan. Rule 7.4(b). In such circumstances, the court ordinarily "will grant the motion without further notice." *Id.* But, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Instead, the court must

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

1

determine whether judgment for defendants is warranted under Federal Rule of Civil Procedure 56. *Id.* The court thus considers the merits of defendants' Motion for Summary Judgment below.

Also, plaintiff's failure to file a response waives his right to respond or controvert the facts asserted in defendants' Motion. *Id.* The court thus accepts all material facts asserted and properly supported in defendants' Motion as true. *Id.*

## I.     Uncontroverted Facts

Plaintiff is an inmate of Lansing Correctional Facility. He pleaded *nolo contendere* to aggravated battery in Shawnee County District Court on October 15, 2013, and was sentenced to 32 months in prison, with 12 months of post-release supervision. Plaintiff began serving his sentence on June 8, 2013. He was released on June 12, 2015, and began his 12 months of post-release supervision.

Originally, Joshua Hamman was plaintiff's parole officer. But, on October 8, 2015, Amy Austin was assigned as plaintiff's parole officer and served in that capacity until January 26, 2016. Peggy Hardesty is the Parole Supervisor for both Mr. Hamman and Ms. Austin. All three work for the Kansas Department of Corrections ("KDOC").

Plaintiff had the opportunity to get his post-release supervision time reduced by six months by earning good-time credits for complying with all of his release conditions. After 180 days on post-release supervision—December 12, 2015—plaintiff's case would be reviewed and a decision about whether he had earned any good-time credit would be made. Plaintiff's release conditions included participating in "an assessment for appropriate counseling with emphasis on batterer's intervention, compliance with all recommendations of that counseling, and payment of supervision fees." Doc. 17 at 3. Plaintiff's release conditions also prohibited him from living

with his victim until he completed a batterer intervention assessment and any recommendations from that assessment. On October 9, 2015, Ms. Austin imposed an additional condition on plaintiff as a sanction for failing to complete the batterer intervention assessment: no contact, whatsoever, with his victim.

Less than a month later, plaintiff was arrested after an altercation with his victim. Plaintiff still had not completed the batterer intervention assessment. After this incident, plaintiff asked to add GPS surveillance to his post-release conditions "in order to show in the future that he has not had contact with his victim." Doc. 17-3 ¶ 9. His request was granted on November 25, 2015. Plaintiff finally completed the batterer intervention assessment on December 1, 2015, which recommended that plaintiff participate in and complete a batterer intervention program. As of January 6, 2016, plaintiff had not completed this program. He was arrested, taken into custody, and a parole-revocation hearing was set for March 3, 2016.

On December 14, 2015, plaintiff's compliance with his post-release conditions was reviewed to determine whether he should receive any good-time credit. Because plaintiff had not paid his supervision fees for several months and failed to complete batterer intervention, it was recommended that plaintiff should not receive any of the good-time credit available to him. But, in the end, plaintiff was granted 10% of the available good-time credit, or 18 days off his post-release supervision time.

On December 15, 2015, plaintiff filed a complaint against several defendants: Ms. Austin, an unnamed parole supervisor, and unnamed parties designated only as "et. Al." Doc. 1 at 2. In his Complaint, plaintiff alleges that he "successfully completed parole and earned all good time," and that defendants are "illegally withholding said time." *Id.* at 4. He also asks

3

the court to enter "an order compelling the defendants to release him from custody immediately" and to award him $191,000 in damages against defendants in their individual capacity. *Id.*

On December 21, 2015, plaintiff filed a document titled, "Amended Civil Complaint." Doc. 5. In this filing, plaintiff named two additional defendants: Peggy Hardesty, plaintiff's parole supervisor, and KDOC. Plaintiff also attached an exhibit, but made no allegations. It appears that plaintiff filed this Amended Civil Complaint trying to comply with Judge Sebelius's Order requiring plaintiff to provide "specific addresses where each of the defendants may be served." Doc. 4 at 2. The court thus does not consider the document labelled "Amended Civil Complaint" as an amended complaint. Instead, the court considers this document as a notice. With this bit of procedure out of the way, the court turns to consider defendants' Motion for Summary Judgment.

## II.     Legal Standard

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine dispute" about any material fact and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Houser*, 625 F.3d at 1283 (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of

4

law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings but must bring forward specific facts showing a genuine issue for trial [about] those dispositive matters for which it carries the burden of proof." *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Instead, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

**III.   Analysis**

Before considering defendants' Motion for Summary Judgment, the court must construe plaintiff's short and vague Complaint. Plaintiff does not cite any statute or constitutional provisions in his Complaint, but he alleges a violation of his civil rights and so the court construes plaintiff's Complaint to assert claims under 42 U.S.C. § 1983. Doc. 1 at 3. Plaintiff asserts two types of claims: injunctive relief and money damages.

In his claim for injunctive relief, plaintiff asks the court to enter "an order compelling the defendants to release him from custody immediately" because defendants illegally withheld 90%

of his good-time credits. *Id.* at 4. He alleges this claim against all three defendants in their official capacities only. The court construes plaintiff's Complaint as alleging four separate claims for money damages: (1) he is being monitored by GPS surveillance without cause; (2) he has been abused by KDOC; (3) defendants' deprived him of good-time credits undeservedly; and (4) defendants' process for denying him good-time credits violated the Due Process Clause of the Fourteenth Amendment. The court understands plaintiff's Complaint to allege claim 2 against KDOC only, and allege claims 1, 3, and 4 against just Ms. Austin and Ms. Hardesty in their individual capacities only. *See id.* ("Plaintiff seeks an order . . . [for] any applicable financial compensation in their [defendants'] individual capacity of $191,000."). The court considers plaintiff's injunctive relief and damages claims below.

### A. Official Capacity Claim: Injunctive Relief

Plaintiff's only claim against defendants' in their official capacity is one for injunctive relief. Defendants contend that the rule announced by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), bars this claim. The court agrees.

In *Preiser*, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. Here, plaintiff seeks an injunction awarding him good-time credits. Such an injunction would shorten plaintiff's post-release supervision, which is part of his criminal sentence. *See Martin v. Kan. Parole Bd.*, 255 P.3d 9, 14 (Kan. 2011) ("[T]he period of parole or post[-]release supervision is undeniably part of the sentence imposed."); *accord Kansas v. Mossman*, 281 P.3d 153, 159 (Kan. 2012). Plaintiff's Complaint thus contradicts the rule in *Preiser*—he cannot use a § 1983 action to challenge the

duration of his confinement.  *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[P]risoners . . . seeking an injunction to compel restoration of good-time credits . . . [are] challenging the very fact or duration of their confinement . . . ." (citing *Preiser*, 411 at 500)); *Markovick v. Werholtz*, No. 10-3257-SAC, 2012 WL 415456, at *3–4 (D. Kan. Feb. 9, 2012) (holding that an order awarding a plaintiff good-time credit would shorten the plaintiff's prison sentence, thus violating the rule in *Preiser*).  So, Plaintiff must "seek federal habeas corpus relief or appropriate state habeas corpus relief if [his] state court remedies are not exhausted." *Markovick*, 2012 WL 415456, at *4; *see also Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014) ("Hastened release from state prison can be secured in court only through a writ of habeas corpus, not through a civil rights action." (citations omitted)).

Keeping with our court's usual custom, then, the court construes plaintiff's claim for injunctive relief as a habeas corpus action subject to habeas corpus's exhaustion requirements. *Markovick*, 2012 WL 415456, at *4; *see also Guerra v. Mott*, No. 13-3119-SAC, 2013 WL 4402677, at *2–3 (D. Kan. Aug. 14, 2013) (treating a plaintiff's § 1983 action as one for federal habeas relief where the plaintiff sought immediate release from prison).  Although plaintiff attaches an exhibit to his Complaint that appears to be a habeas corpus petition filed in Kansas state court, nothing in the record establishes that plaintiff has exhausted his state court remedies. The court therefore grants summary judgment against plaintiff's claim for injunctive relief.

### B.   Individual Capacity Claims:  Money Damages

Because plaintiff's four damage claims rely on different legal and factual bases, the court considers each claim, separately, below.

*1.     GPS Surveillance*

Although plaintiff's Complaint is unclear, he appears to allege a claim based on being placed on GPS surveillance following an altercation with his victim. No such claim is cognizable here. First, the uncontroverted facts show that plaintiff requested the surveillance, and thus he has suffered no injury at the hands of Ms. Austin and Ms. Hardesty. And second, the surveillance ceased when he was arrested on January 6, 2016, and nothing in the record suggests that plaintiff will be subject to GPS surveillance in the future. Thus, any claim based on GPS surveillance is moot. *See Ind v. Colo. Dep't of Corrs.*, 801 F.3d 1209, 1213 (10th Cir. 2015) ("[A] case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." (quoting *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012)); *see also id.* at 1214 (explaining that a case is moot despite voluntary cessation of the allegedly injuring activity when there is no reasonable expectation that the activity will recur). The court grants summary judgment against plaintiff's damage claims against Ms. Austin and Ms. Hardesty based on his GPS surveillance allegations.

*2.     Abuse by KDOC*

Next, plaintiff alleges that he has "been abused throughout by" KDOC. Doc. 1 at 7. He offers no other allegations about this abuse, nor does he allege who within KDOC has abused him. Defendants contend that sovereign immunity under the Eleventh Amendment protects KDOC from any liability on this claim. The court agrees.

The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns," and "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Eleventh Amendment immunity protects states and entities that are arms

8

of the state. *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Here, KDOC is an arm of the State of Kansas. *Jones v. Courtney*, 466 F. App'x 696, 699 (10th Cir. 2012); *Vinson v. McKune*, 960 P.2d 222, 226 (Kan. 1998). KDOC thus is immune from plaintiff's claim for money damages. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (D. Kan. 1998) ("[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief . . . ."). The court thus grants summary judgment against plaintiff's damage claim based on abuse by KDOC.

### 3. Decision to Deny Plaintiff Good-Time Credit

Defendants contend that the rule from the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's damage claims based on Ms. Austin and Ms. Hardesty's decision to deny plaintiff good-time credits. The court agrees.

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff seeking to "recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote and citation omitted). Otherwise, a "claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. So the court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

9

This rule applies when a plaintiff seeks damages from a defendant for "depriving him of good-time credits *undeservedly* as a substantive matter." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). This is so because the plaintiff's principal claimed harm "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *See id.* at 646. This is the case here.

Plaintiff claims that Ms. Austin and Ms. Hardesty denied him good-time credit undeservedly. Plaintiff's claim thus seeks to undermine the validity of his sentence. Under *Edwards v. Balisok* and *Heck v. Humphrey*, then, plaintiff must be able to show that another court has held his sentence invalid before seeking relief from our court under § 1983. Plaintiff attaches an exhibit to his Complaint that appears to be a habeas corpus petition filed in Kansas state court. But, nothing in the record establishes that plaintiff's conviction or sentence has been reversed or otherwise invalidated. Plaintiff's claim thus is not cognizable under § 1983 and the court grants summary judgment against plaintiff's damage claim based on Ms. Austin and Ms. Hardesty's decision to deny plaintiff good-time credits. *E.g.*, *Markovick*, 2012 WL 415456, at *6 (granting the defendant summary judgment when a plaintiff brought monetary damages claim under § 1983 for the defendant's decision to revoke the plaintiff's good-time credits when that decision had not been overturned elsewhere).

### 4. Due Process Violation

Defendants contend that qualified immunity protects Ms. Austin and Ms. Hardesty from any liability on plaintiff's claim for damages based on a due process violation. The court agrees.

Public officials are entitled to qualified immunity from damages liability when performing discretionary functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). This means a public official is entitled to qualified immunity if sued for actions he or she took while

functioning as an administrator. *See id.* at 275–76 (noting that a prosecutor is only entitled to qualified immunity when acting as an administrator). Qualified immunity is the norm for state officials, and it "serves to insulate from suit 'all but the plainly incompetent or those who knowingly violate the law.'" *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Here, plaintiff has sued Ms. Austin and Ms. Hardesty in their individual capacities for actions they took while serving as administrators at KDOC. They thus are entitled to qualified immunity.

Plaintiff could nullify Ms. Austin and Ms. Hardesty's qualified immunity by showing that (1) they violated his constitutional or federal statutory rights; and by showing that (2) "the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that a reasonable [official] would have known that his or her challenged conduct was illegal." *Martinez v. Carr*, 479 F.3d 1292, 1294–95 (10th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *abrogated by Pearson v. Callahan*, 555 U.S. 223 (2009)). The court may consider either part of this two-prong test first. *Pearson*, 555 U.S. at 236.

Plaintiff cannot show that Ms. Austin or Ms. Hardesty violated his federal due process rights. The federal Constitution does not give plaintiff a right to good-time credits. *Wolff*, 418 U.S. at 557. Kansas law gives plaintiff the right to good-time credit, however, and so his "interest has real substance and is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Id.* But before the Due Process Clause can apply, plaintiff must have earned or been awarded good-time credits. *See Searcy v. Simmons*, 299 F.3d 1220, 1226 (10th Cir. 2002) (concluding that withholding the opportunity to earn good-time credits did not violate the Due Process Clause because KDOC was under no obligation to give the prisoner good-time credit);

11

*see also Hardaway v. Larned Corr. Facility*, 238 P.3d 328, 330 (Kan. Ct. App. 2010) ("[In Kansas,] a prisoner has no protected liberty interest in good-time credits not yet earned or awarded." (citation omitted)). This is so because Kansas law does not promise plaintiff good-time credits. *Searcy*, 299 F.3d at 1226. Instead, it merely allows plaintiff the opportunity to earn good-time credits. *Id.*

Plaintiff alleges in his Complaint that he has complied with all conditions of his parole and that he has "no disciplinary reports on record that are relevant to this particular case." Doc. 1 at 7. He has provided no evidence to support these allegations; whereas defendants submitted ample evidence to the contrary. Nothing in the record supports plaintiff's allegation that he had earned all 100% of the good-time credit available to him. Instead, the record shows that plaintiff did not earn that credit. The court concludes that no reasonable jury could find that plaintiff had a protected liberty interest in the good-time credits he claims he was denied. Plaintiff thus fails to nullify Ms. Austin and Ms. Hardesty's qualified immunity, and so the court grants summary judgment to Ms. Austin and Ms. Hardesty on plaintiff's damage claim based on an alleged due process violation.

**IT IS THEREFORE ORDERED THAT** defendants' Motion to Dismiss or In The Alternative for Summary Judgment (Doc. 16) is granted.

**IT IS SO ORDERED.**

**Dated this 18th day of January, 2017, at Topeka, Kansas.**

                                           **s/ Daniel D. Crabtree**
                                           **Daniel D. Crabtree**
                                           **United States District Judge**